UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jinquan Yin and
Letian Zhu,
on behalf of themselves and others similarly situated,

       *Plaintiffs*,

     - against -

518 Pomodoro, Inc.
d/b/a Pomodoro,
Pomodoro Italian Express Inc.
d/b/a Pomodoro,
Yun Hui Chen
a/k/a Winnie Chen,
Tao Chen, and
Zhen Huang Zheng,

       *Defendants*.

Case No: 1:17-cv-10244-AJN

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION

Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT .......................................................................................... 1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.................................... 1

III. ARGUMENT ......................................................................................................................... 2

    A. PLAINTIFFS HAVE NOT MADE THE MODEST FACTUAL SHOWING REQUIRED TO SUPPORT CONDITIONAL COLLECTIVE ACTION CERTIFICATION. ....................... 2

        1. *The Affidavits in Support of Plaintiffs' Motion for Conditional Collective Certification were not signed, therefore Shall be Considered Inadmissible Hearsay.* ................................ 2

        2. *Plaintiffs Failed to Proffer Specific Factual Allegations Sufficient to Make the Modest Factual Showing for Collective Certification.* .......................................................... 2

        3. *Plaintiffs Have Failed to Show That Defendants Engaged in A Common Policy or Practice that Violated the FLSA.* ............................................................................... 6

        4. *Plaintiffs Failed to Demonstrate that They Are Similarly Situated with the Purported Class.* ................................................................................................................................ 8

    B. PLAINTIFFS HAVE FAILED TO DEMONSTARTE EXTRAORDINARY CIRCUMSTANCES TO WARRANT TOLLING OF THE STATUTE OF LIMITATIONS. . 10

    C. PLAINTIFFS' PROPOSED NOTICE OF PENDENCY IS OVERBROAD AND THE DISTRIBUTION THEREOF IS PREMATURE. .................................................................. 13

IV. CONCLUSION .................................................................................................................. 14

## TABLE OF AUTHORITIES

**CASES**

A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) ................................ 10

Alvarado Balderramo v. Taxi Tours Inc., 2017 U.S. Dist. LEXIS 89404, 2017 WL 2533508, at
    *5 (S.D.N.Y. June 9, 2017).................................................................................................... 11

Barfield v. New York City Health and Hospitals Corp., (No. 05-CV-6319) 2005 WL 3098730 *1
    (S.D.N.Y. 2005)........................................................................................................................ 8

Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006)..................... 4

Belbis v. County of Cook, 2002 U.S. Dist. LEXIS 22426, No. 01 C 6119, 2002 WL 31600048, at
    *4 - 5 ....................................................................................................................................... 9

Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016)........................ 3, 4

Bijoux v. Amerigroup N.Y., LLC, No. 14-CV-3891 (RJD)(VVP), 2015 U.S. Dist. LEXIS 96442,
    at *6 (E.D.N.Y. 2015).............................................................................................................. 6

Boice v. M+W U.S., Inc., No. 1:14-CV-505 (GTS/CFH), 2016 U.S. Dist. LEXIS 122408, at *48
    (N.D.N.Y.2016) ..................................................................................................................... 12

Cano v. Four M Food Corp., No. 08cv3005 (JFB) (AKT), 2009 WL 5710143, at *9 (S.D.N.Y.
    2009) ........................................................................................................................................ 8

Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007) ....................... 13

Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003)................................ 8

*Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997) .......................................... 3, 6

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480
    (1989)....................................................................................................................................... 2

Knox v. John Varvatos Enters., 2017 U.S. Dist. LEXIS 171705, at *21 (S.D.N.Y. Oct. 17, 2017) ............................................................................................................................................. 11

Mark v. Gawker Media LLC, 2014 U.S. Dist. LEXIS 155424, 2014 WL 5557489, at *2 (S.D.N.Y. Nov. 3, 2004) ................................................................................................. 10, 12

Martin v. Sprint/United Mgmt. Co., No. 15-CV-5237, 2016 U.S. Dist. LEXIS 352, 2016 WL 30334, at *16 (S.D.N.Y. 2016) ..................................................................................................... 12

Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267, at *3 (S.D.N.Y 2006) ......................... 3

Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) .......................................................... 2, 3

Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ................ 11

Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013) ............................ 10

Ramos v. PJJK Rest. Corp., 2016 U.S. Dist. LEXIS 36324, 2016 WL 1106373, at *5 (S.D.N.Y. 2016) ........................................................................................................................................ 11

Romero v. H.B. Auto. Grp., Inc., 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May 1, 2012)3

Sanchez v. JMP Ventures, L.L.C. ................................................................................................ 4

Schear v. Food Scope Am., Inc., 297 F.R.D. 114 (S.D.N.Y. 2014) ............................................ 14

Sexton v. Franklin First Fin., Ltd., No. 08-CV-4950, 2009 U.S. Dist. LEXIS 50526, 2009 WL 1706535, at *3 (E.D.N.Y. 2009) .................................................................................................. 3

Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) ............................................ 3

Sherill v. Sutherland Global Servs., Inc., 2007 U.S. Dist. LEXIS 35983 (W.D.N.Y. May 11, 2007) ........................................................................................................................................... 4

Silva v. Calle 8, LLC, No. 12-CV-677 (ERK) (MDG), 2013 U.S. Dist. LEXIS 171696, 2013 WL 6330848, at *3 (E.D.N.Y. 2013) .................................................................................................. 3

Vasto v. Credico (USA) LLC, No. 15-CV-9298, 2016 U.S. Dist. LEXIS 60158, 2016 WL 2658172, at *16 (S.D.N.Y 2016) ........................................................................................ 12

Zeledon v. Dimi Gyro LLC, 2016 U.S. Dist. LEXIS 150526, at *28 (S.D.N.Y. 2016) ............. 4, 9

Zheng v. Good Fortune Supermarket Group (USA), Inc., 2013 U.S. Dist. LEXIS 130673, at *149

Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-CV-60 (ILG), 2013 U.S. Dist. LEXIS 130673, at *17 (E.D.N.Y. 2013) ..................................................................................... 3

**STATUTES**

29 U.S.C. § 216(b) ............................................................................................................... 4, 7

## I.   PRELIMINARY STATEMENT

Defendants 518 Pomodoro, Inc. d/b/a Pomodoro, Pomodoro Italian Express Inc. d/b/a Pomodoro, Yun Hui Chen a/k/a Winnie Chen, Tao Chen, and Zhen Huang Zheng (collectively, "Defendants"), submit this memorandum of law in opposition to the motion of Plaintiffs Jinquan Lin and Letian Zhu ("Plaintiffs") seeking conditional certification of this action as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

The Court should deny Plaintiffs' motion to conditionally certify this action as a collective action because Plaintiffs, who were employed as deliverymen at Pomodoro, located at 1324 Second Avenue, New York, NY 10021, cannot establish that Pomodoro engaged in any enterprise-wide specific, uniform, common policy or practice in violation of FLSA that would justify collective certification; nor have Plaintiffs met their burden of establishing that they are similarly situated to any other categories of employees at Pomodoro, whom they seek to represent.

While Plaintiffs have alleged pay practices that violate the FLSA as to them as deliverymen at Pomodoro, they have failed to demonstrate that it is appropriate to proceed as a representative action.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Jinquan Yin and Letian Zhu commenced this suit on January 8, 2018, alleging, *inter alia*, minimum wage and overtime violations under both the FLSA and New York Labor Law ("NYLL"). Plaintiffs are now seeking conditional certification as a representative action under Section 216(b) for their FLSA claims.

1

III.     **ARGUMENT**

A.    **PLAINTIFFS HAVE NOT MADE THE MODEST FACTUAL SHOWING REQUIRED TO SUPPORT CONDITIONAL COLLECTIVE ACTION CERTIFICATION.**

1.    **The Unsigned Affidavits in Support of Plaintiffs' Motion for Conditional Collective Certification were Inadmissible Hearsay.**

In deciding a motion for 216(b) collective certification, unsigned affidavit has been considered inadmissible evidence, therefore any factual assertions contained therein shall be disregarded by the Court. See Romero v. H.B. Auto. Grp., Inc., 2012 U.S. Dist. LEXIS 61151, at *4 (S.D.N.Y. May 1, 2012) (refusing to consider unsigned affidavit, as it is unsworn and not submitted under penalty of perjury); see also United States v. All Right, Title & Interest in Real Prop. & Appurtenances, 77 F.3d 648, 657-58 (2d Cir. 1996) (ruling that the submission of an unsworn letter was an inappropriate response to the motion for summary judgment, and the factual assertions made in that letter were properly disregarded by the court). Here, because the affidavits of Plaintiff Jinquan Yin and Plaintiff Letian Zhu were not signed, they shall be considered inadmissible, therefore any factual assertions contained in the affidavits shall be disregarded by the Court. In addition, the veracity of the two documents is highly doubtful as the statements contained therein as identical or slightly-reworded versions of their analog. (cf. e.g., Yin Aff. ¶22; Zhu Aff. ¶21).

2.    **Plaintiffs Failed to Proffer Specific Factual Allegations Sufficient to Make the Modest Factual Showing for Collective Certification.**

The Court should only certify a collective action in appropriate cases. See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S.

2

165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)). In this Circuit, to warrant certification of collective action under Section 216(b) of FLSA, a plaintiff must provide sufficient factual support amounting to a "modest" showing that herself and potential opt-in plaintiffs "'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). In making this showing, Plaintiffs, at the very least, must come up with "substantial allegations" that the putative collective they purport to represent were "'the victims of a single decision, policy or plan.'" See Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) (quoting Sexton v. Franklin First Fin., Ltd., No. 08-CV-4950, 2009 U.S. Dist. LEXIS 50526, 2009 WL 1706535, at *3 (E.D.N.Y. 2009).

Conclusory allegations are not sufficient to support a motion for conditional collective action certification. Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267, at *3 (S.D.N.Y 2006); Romero v. H.B. Auto. Grp., Inc., 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May 1, 2012). When plaintiffs fail to meet this minimal requirement, their motion for conditional collective action certification will be denied. Id.; see also Silva v. Calle 8, LLC, No. 12-CV-677 (ERK) (MDG), 2013 U.S. Dist. LEXIS 171696, 2013 WL 6330848, at *3 (E.D.N.Y. 2013) ("where plaintiffs fail to provide either evidentiary support, such as affidavits or supporting documents, or specific factual allegations, courts routinely deny conditional certification"). Plaintiffs must offer something of "evidentiary value" to demonstrate that similarly situated employees exist and, where plaintiffs "fail to meet this minimal requirement, their motion for [conditional collective action] certification [will be] denied." Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) (quoting Morales, 2006 U.S. Dist. LEXIS 4267, at *3).

Courts in this Circuit have repeated rejected certifying collective action when the plaintiff has failed to meet her burden by offering nothing but cookie-cutter conclusory allegations. See

3

e.g., Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-CV-60 (ILG), 2013 U.S. Dist. LEXIS 130673, at *17 (E.D.N.Y. 2013) (denying collective certification where named plaintiff, a supermarket clerk, alleged similarly situated employees with "conclusory and unsubstantiated statements" as she failed to identify any such employee by name); cf. Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) (granting collection motion where plaintiff has alleged sufficient facts to support conditional certification because the named plaintiff provided the names of five other nail technicians and message therapists with whom she worked, noted the time and circumstance of her conversations with the fived named co-workers, and proffered defendants' payroll records, wage statements, and wage-and-hour notices listing additional 12 employees).

In Sanchez v. JMP Ventures, L.L.C., the court denied a delivery worker's motion for collective certification, because the plaintiff relied on "generalized allegations" where he alleged two of defendants' stores are subject to the "common policy" of not paying employees minimum wage and overtime based on his "conversations" and "observations" with other employees (whose first names he lists), but did not include any detail to a single such observation or conversation. 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. 2014); cf. Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006) (holding that plaintiffs met their modest burden because their affidavits "go beyond their own circumstances" and "specifically allege personal knowledge that each policy or practice was applied to other employees.") ; Sherill v. Sutherland Global Servs., Inc., 2007 U.S. Dist. LEXIS 35983 (W.D.N.Y. 2007).

Conversely, the court in Zeledon v. Dimi Gyro LLC granted deliverymen's motion for collective certification when the named plaintiff identified 12 other deliverymen, nine by name, who were paid fixed salaries, which were written on their schedule, No. 15cv7301 (TPG) (DF),

4

2016 U.S. Dist. LEXIS 150526, at *28 (S.D.N.Y. 2016). The Court further noted that factual allegations with this level of details were "generally been found sufficient to support conditional certification of a collective." Id. (citations omitted).

Comparatively, the generalized factual assertions contained in Plaintiffs' affidavits fall short of the standard in Zeledon. The bare bone allegations of each Plaintiff were largely verbatim quotations from each other, lacking credibility sufficiently to establish a modest factual showing. For instance, Plaintiff Jinquan Yin and Plaintiff Letian Zhu both alleged in their affidavit that they know it is Defendants' policy not to pay any employee overtime because they talked with other employees who has the same or similar working schedule, yet failed to specify: 1) with whom did he have such conversation; 2) when and where these conversations took place; 3) the contents and context of these conversations. (Affidavit of Jinquan Yin, ECF No. 34, #4, thereafter "Yin Aff." ¶22; Affidavit of Letian Zhu, ECF No. 34, #5, thereafter "Zhu Aff." ¶21).

Though both plaintiffs' allegations mentioned their acquittance with so-called co-worker "Mr. Zhang", those allegations are evasive, contradicting, and largely incredible. To begin with, the time period during which Mr. Zhang worked at Defendants' restaurant is unknown: according to Plaintiff Zhu, Mr. Zhang worked for only one (1) day at Defendants' restaurant, i.e., from October 15, 2017 to October 16, 2017. (Zhang Aff., ¶30); whereas Plaintiff Yin alleged that Mr. Zhang started working at Defendants' restaurant around October 15, 2017, and omitted mentioning when Mr. Zhang stopped working there. (Yin Aff., ¶32). It is contradicting to allege that Mr. Zhang would have any knowledge regarding the work hours at the restaurant and Defendants' pay policy where it is unclear when and for how long Mr. Zhang has worked at Defendants' restaurant, or if Mr. Zhang has merely worked there for one day. Further, it would be a logical fallacy that Mr.

Zhang, who alleged worked at Defendants' for one day, "had similar working schedules" with Plaintiffs (Yin Aff. ¶30).

Similarly, both Plaintiffs' allegations concerning their acquittance with Mr. Tang merely contained generalized allegations and are largely verbatim. For instance, Plaintiff Zhu, who alleged worked at Defendants' restaurants for only about one month, i.e., from October 18, 2017 to November 30, 2017 (Zhu Aff. ¶3), asserted that "Mr. Zhang started his work at Defendants' restaurant before than me. He has worked there at least one year," yet failed to even specify the month/year in which Mr. Zhang approximately started his employment at Defendants' restaurant. (Zhu Aff. ¶24). The exactly same language has been used in Plaintiff Yin's affidavit regarding Mr. Tang's employment at Defendants' restaurant: "Mr. Tang started his work in the restaurant earlier than me. He has worked there at least one year." (Yin Aff. ¶26). Given the short employment of both Plaintiffs at Defendants' restaurant, i.e., Plaintiff Yin from October 18, 2017 to December 1, 2017 (Yin Aff. ¶3) and Plaintiff Zhu from October 18, 2017 to November 30, 2017 (Zhu Aff. ¶3), their formulistic allegations will be insufficient to establish even a modest fact showing regarding the employment of Mr. Zhang and Mr. Tang at Defendants' restaurant.

**3.** **Plaintiffs Have Failed to Show That Defendants Engaged in A Common Policy or Practice that Violated the FLSA.**

The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are "'similarly situated.'" Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (quoting 29 U.S.C. § 216(b)). To meet this burden, plaintiffs must at least make a facially adequate showing that putative members of the collective are similarly situated "with respect to the FLSA violations [the named

plaintiff] allege[s] — not other factors." Bijoux v. Amerigroup N.Y., LLC, No. 14-CV-3891 (RJD)(VVP), 2015 U.S. Dist. LEXIS 96442, at *6 (E.D.N.Y. 2015).

In this case, Plaintiffs have failed to allege that themselves and the putative class of potential collective members are subject to any unlawful policy. The sole evidence Plaintiffs proffered to support their motion is the two (unsigned) affidavits of the named Plaintiffs, the admissibility of which has further been contested herein. Plaintiffs alleged that Defendants have a policy not to pay employees overtime; (Yin Aff. ¶22; Zhu Aff. ¶21); and that they were not provided with paystubs (Yin Aff. ¶21; Zhu Aff. ¶20). Yet neither of them showed that there was a company-wide policy, encompassing employees at various positions, e.g. kitchen workers, delivery workers, waiters/waitresses, chefs, etc. Though both Plaintiffs mentioned their acquittance with Mr. Tang and Mr. Zhang, who stated that they have not been paid overtime (Yin Aff. ¶28, 34; Zhu Aff. ¶26, 35), given their unclear employment periods (Mr. Tang allegedly has been working at Defendants' restaurant for only one day; while the employment period for Mr. Zhang is unknown), the credibility of their allegations is essentially in doubt. Moreover, even if the credibility of their allegations would be disregarded, their formulistic and general allegations, can hardly provide an estimation of the size of the putative class.

In other words, nothing in Plaintiffs' affirmations have established that Plaintiffs have alleged with sufficient specificity that a factual nexus exists between the alleged violations of the FLSA experienced by Plaintiffs and Defendants' payroll practice as applied to "all nonexempt current and former employees" of Defendants. (Declaration of John Troy ¶2, "Troy Decl." ECF No. 33).

**4.      Plaintiffs Failed to Demonstrate that They Are Similarly Situated with the Purported Class.**

The purported class is overtly overbroad compared to Plaintiffs' factual support offered. Plaintiffs purport to represent "all nonexempt current and former employees" who were employed by 518 Pomodoro, Inc. d/b/a Pomodoro, and Pomodoro Italian Express Inc. d/b/a Pomodoro, and Yun Hui Chen (a/k/a/ Winnie Chen, Tao Chen, and Zhen Huang Zheng who performed work as non-exempt, non-managerial employees from January 10, 2015 to present, to recover unpaid overtime and minimum wage pay. (Troy Decl. ¶¶2, 6). Nevertheless, the only potential similarly situated employees named by both Plaintiffs were Mr. Tang and Mr. Zhang, whose employment periods were unclear and any allegations concerning the employment situation of Mr. Tang and Mr. Zhang were largely based on inadmissible hearsays. Courts have denied motions for conditional class certification where (as here) the plaintiff relies only on generalized hearsay statements. See Barfield v. New York City Health and Hospitals Corp., (No. 05-CV-6319) 2005 WL 3098730 *1 (S.D.N.Y. 2005) (denying conditional class certification where the plaintiff "presents nothing but limited anecdotal hearsay to suggest that there is a widespread practice" of illegal pay practices). Accordingly, the parts of Plaintiffs' affirmations containing hearsay statements shall be inadmissible.

With regard with non-exempt employees, Plaintiffs failed to even identify the categories of their positions, such as kitchen workers, waiters/waitresses, etc., let alone identifying even a single person. This extent of demonstration of Defendants' payment practice does not rise to the level of a common policy by Defendants that violated the FLSA and does not suffice even a "modest factual showing" of a common policy. See Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003) (holding that Plaintiffs failed to make a "modest factual showing" of a common policy or plan where only two employees of Defendants, i.e., the two named

Plaintiffs in that case provided declaration to support Plaintiffs' motion for conditional collective certification); see also Cano v. Four M Food Corp., No. 08cv3005 (JFB) (AKT), 2009 WL 5710143, at *9 (S.D.N.Y. 2009) ("Even though plaintiffs are certainly not required to show that they are identically situated, or that they possess the same attributes with respect to their job, they are required to show that they are subject to the same common policy or plan by defendants."); but see Belbis v. County of Cook, 2002 U.S. Dist. LEXIS 22426, No. 01 C 6119, 2002 WL 31600048, at *4 - 5 (finding a modest factual showing of a common policy or plan where over 350 other similarly situated plaintiffs had "opted in" to a lawsuit, in which named-plaintiffs alleged that they and other similarly situated putative collective action plaintiffs were not paid for attending training). Here, Plaintiffs' conclusory allegations concerning Defendants' pay policy were merely speculation of highly analogous circumstances, i.e., that he has "talked with other employees, who has the same or similar working schedule as me and was told that they were not paid at least minimum wage for all of their hours worked (Yin Aff. ¶22, Zhu Aff. ¶21), rather than providing any facts regarding other categories of non-exempt employees. See Zheng v. Good Fortune Supermarket Group (USA), Inc., 2013 U.S. Dist. LEXIS 130673, at *14 (holding supermarket clerk's conclusory allegations based on her observations that other clerks were subject to the same policy of time shaving without identifying any of them insufficient to support collective certification).

     Although Courts will conditionally certify collectives of individuals with various occupations, hours, and pay rates, Plaintiffs must show that the purported class are subject to a common unlawful policy. Here, a mere conclusory allegation, without further specification, will be insufficient to support collective certification.

The Zeledon court held that plaintiff deliveryman's affidavit failed to make a modest showing that cooks are similarly situated with him even he identified seven of them by name, 2016 WL 6561404, at *3. The court reasoned that the plaintiff's allegation that cooks shared similar schedule with him, a deliveryman, "too vague to be meaningful" because he failed to specify whether cooks were paid salary or hourly even though he provided estimates of cooks' hours and weekly pay and "was aware of their hours." Id. at *12. Comparatively, in this case, Plaintiffs have not provided any information that is remotely sufficient to support a finding that Plaintiffs deliverymen were subject to the same unlawful pay policy or plan as any other category of non-exempt employees. Even if the Court should consider the hearsay statement concerning the deliveryman, it still lacks the level of specificity required for the "similarly situated" analysis discussed above. In short, Plaintiffs have not shown a sufficient factual nexus between themselves and any other Defendants' non-exempt employees, such as kitchen workers, waiters/waitresses, etc.

B. **PLAINTIFFS HAVE FAILED TO DEMONSTARTE EXTRAORDINARY CIRCUMSTANCES TO WARRANT TOLLING OF THE STATUTE OF LIMITATIONS.**

Plaintiffs in the present case have not met their burden of showing the exceptional circumstances warranting the drastic remedy of equitable tolling. See A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (holding that "equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances."); accord Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013). Therefore, "[w]hen a movant does not provide any grounds showing equitable tolling may be appropriate, it will not be applied."

Mark v. Gawker Media LLC, 2014 U.S. Dist. LEXIS 155424, 2014 WL 5557489, at *2 (S.D.N.Y. Nov. 3, 2004).

To make this showing of appropriate grounds, Plaintiffs bear the burden of establishing two elements: (1) that they have been pursuing their rights diligently, and (2) that some extraordinary circumstance stood in their way. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

To begin with, Plaintiffs have failed to meet their burden on the first element because Plaintiffs proffered no evidence showing that existing or potential opt-in plaintiffs have been pursuing their rights diligently. Given that the equitable tolling inquiry is highly factual, it is "simply impossible to conduct when opt-in plaintiffs and the facts specific to them have not yet been revealed." Alvarado Balderramo v. Taxi Tours Inc., 2017 U.S. Dist. LEXIS 89404, 2017 WL 2533508, at *5 (S.D.N.Y. June 9, 2017).  Here, it is highly improbable that the Court could ascertain that the putative class of similarly situated employees exists based on Plaintiffs' conclusory allegations; Plaintiffs also failed to provide any evidence allowing the Court to assess whether such class of potential opt-in plaintiffs have diligent pursued their rights. Thus, Plaintiffs' request must be denied. See e.g., Knox v. John Varvatos Enters., 2017 U.S. Dist. LEXIS 171705, at *21 (S.D.N.Y. Oct. 17, 2017) (denying FLSA plaintiff's request for equitable tolling because: (1) plaintiffs on whose behalf equitable tolling is being sought have not been identified; and (2) no information has been provided about their circumstances).

Plaintiffs have advanced no valid argument whether they are entitled to equitable tolling. Rather, they simply point out that courts "routinely approve."[1] However, contrary to Plaintiffs'

---

[1] Plaintiff's Memorandum in Support (ECF No. 24) at p.15.

contention that courts apply equitable tolling as a rubber stamp process, Courts in this Circuit have repeated rejected such arguments. See e.g., Knox, 2017 U.S. Dist. LEXIS 171705, at *21; Ramos v. PJJK Rest. Corp., 2016 U.S. Dist. LEXIS 36324, 2016 WL 1106373, at *5 (S.D.N.Y. 2016) (denying equitable tolling where plaintiffs have made no evidentiary showing as to why equitable tolling is warranted. They merely contend that courts "routinely grant" requests for equitable tolling in FLSA actions, and should be afforded to opt-in plaintiffs who have not brought claims for "reasons beyond their control . . .").

Granted, the Courts in this Circuit have differed over whether the time it has taken for a Court to review a plaintiff's motion for conditional certification as a collective action amounts to an extraordinary circumstance warranting tolling. See, Boice v. M+W U.S., Inc., No. 1:14-CV-505 (GTS/CFH), 2016 U.S. Dist. LEXIS 122408, at *48 (N.D.N.Y.2016). However, absent significant delays, courts in this Circuit tend not to find time spent on deciding a motion for conditional certification constitutes extraordinary circumstances warranting equitable tolling. See e.g., Vasto v. Credico (USA) LLC, No. 15-CV-9298, 2016 U.S. Dist. LEXIS 60158, 2016 WL 2658172, at *16 (S.D.N.Y 2016) (declining to apply equitable tolling where "less than seven months ha[d] passed since [the] plaintiffs filed their original motion for conditional certification in [another district], and less than five months ha[d] passed since [the] plaintiffs renewed their motion in [the Southern District of New York]"); Martin v. Sprint/United Mgmt. Co., No. 15-CV-5237, 2016 U.S. Dist. LEXIS 352, 2016 WL 30334, at *16 (S.D.N.Y. 2016) (declining to apply equitable tolling where "less than two and a half months ha[d] transpired since the filing of the [first amended complaint]"); Mark v. Gawker Media LLC, 2014 U.S. Dist. LEXIS 155424 (declining to apply equitable tolling where eleven months had passed since the filing of the motion

for conditional certification, holding that "the time delay between the date [the] [p]laintiffs filed the motion and its resolution in [that] case was not extraordinary").

In this case, the element of delay is absent. Comparative to the cases cited above, it has only been approximately eight months since Plaintiffs filed the original complaint. (ECF No.1). Thus, Plaintiffs have not met their burden of showing that equitable tolling is warranted, and the Court must deny Plaintiffs' motion for equitable tolling of the Statute of Limitations.

## C. PLAINTIFFS' PROPOSED NOTICE OF PENDENCY IS OVERBROAD AND THE DISTRIBUTION THEREOF IS PREMATURE.

Plaintiffs' proposed notice is premature because the precise scope and extent of the putative class that Plaintiffs purport to represent is, at the very least, to be determined by the Court. Nonetheless, the proposed notice of pendency is facially over broad because it purports to provide notice to all nonexempt current and former employees of Defendants 518 Pomodoro, Inc. d/b/a Pomodoro; and Pomodoro Italian Express Inc. d/b/a Pomodoro; Yun Hui Chen a/k/a Winnie Chen, and Zhen Huang Zheng. (Troy Decl. ¶2). Nevertheless, both plaintiffs are deliverymen. (Yin Aff. ¶3; Zhu Aff. ¶3). Their declarations contain no specific factual allegations that could give rise to an inference that there exists a company-wide unlawful policy that encompasses <u>all</u> nonexempt employees covering wider categories of positions, such as waiters/waitresses, chefs, bus boys, or receptionists, etc. Accordingly, at its broadest, the scope of individuals to be sent the notice should include only deliveryman at Pomodoro. Because Plaintiffs failed to mention or identify any other employee holding various positions at Pomodoro, Plaintiffs have failed to demonstrate that individuals in other positions, namely waiters, chefs, bus boys, or receptionists at Pomodoro were subject to the same alleged pay practices.

Furthermore, Plaintiffs should be required to disclose attorney's fees information in their proposed notice of pendency. Specifically, Plaintiffs' counsel should be required to disclose the fee arrangement between him and any prospective plaintiffs, as well as the percentage of any recovery that would be paid as attorney fees from any recovery by opt-in plaintiffs. See Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007) (holding that final notice must include statement regarding the fee arrangement agreed to by named plaintiff and his attorneys, because such arrangement could have an impact on any recovery by opt-in plaintiffs). The language, as set forth by Plaintiffs' counsel, does not disclose the fee arrangement and does not provide potential opt-ins with sufficient information regarding the attorney-client relationship they may be engaging in.[2]

The proposed notice includes all employees who worked three years from the present. As the Plaintiffs have failed to set forth any evidence whatsoever that Defendants' conduct was willful, the collective action period should only be two years, not three. See Schear v. Food Scope Am., Inc., 297 F.R.D. 114 (S.D.N.Y. 2014) (applying a two-year statute of limitations period where Plaintiff had not provided evidence supporting a finding of a willful violation).

## IV.     CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' motion for conditional certification of this action as a collective action in its entirety; in the alternative, conditionally certify a collective action comprised only of delivery persons employed by Pomodoro over the last two (2) years who claim they were not paid for all time

---

[2] See Proposed Notice of Pendency ECF No. 34-2.

14

worked, without tolling of the statute of limitations, and for such other and further relief as the Court deems just and proper.

Dated: August 27, 2018
       Flushing, NY 11354

                           Hang & Associates, PLLC

                           By:____/s/_____
                           Ge Qu, Esq.
                           Xiaoxi Liu, Esq.
                           136-20 38th Avenue, Ste 10G
                           Flushing, NY 11354
                           (718) 353-8588
                           *Attorneys for Defendants*