UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Jinquan Yin, *et al.*,

        Plaintiffs,

–v–

Pomodoro Italian Express Inc., *et al.*,

        Defendants.

17-CV-10244 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

This case centers around alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by Defendants 518 Pomodoro, Inc., doing business as Pomodoro; Pomodoro Italian Express Inc., doing business as Pomodoro; Yun Hui Chen, also known as Winnie Chen; Tao Chen; and Zhen Huang Zheng. On August 6, 2018, Plaintiffs moved to conditionally certify this action under the FLSA and send notice to potential plaintiffs. Dkt. No. 33. Defendants oppose the conditional certification motion, and also object to several components of Plaintiff's proposed notice. *See* Dkt. No. 36. For the following reasons, the Court grants the motion for conditional certification as to some potential plaintiffs and orders the parties to confer and submit a joint proposed notice as described below.

I. **Background**

Plaintiffs Jinquan Yin and Letian Zhu were employed by Defendants as delivery workers at Pomodoro, located at 518 Ninth Avenue in New York City. Dkt. No. 1 ("Compl.") ¶¶ 8-9. Pomodoro prepares, serves, and delivers Italian cuisine. Compl. ¶ 38. Yin was employed from July 22, 2017 to December 27, 2017. Compl. ¶ 54. During that time, Yin worked approximately sixty-nine hours per week, and was paid a flat salary of one thousand dollars per month. Compl.

1

¶¶ 58-59. From October 15, 2017 to December 5, 2017, Zhu was employed by Defendants. Compl. ¶ 65. Zhu worked approximately sixty-seven and one half hours per week, and was also paid a flat salary of one thousand dollars per month. Compl. ¶¶ 69-70.

Plaintiffs bring claims against Defendants for: failure to pay minimum wage under the FLSA (Count One); failure to pay minimum wage under NYLL (Count Two); failure to pay overtime under the FLSA (Count Three); failure to pay overtime under NYLL (Count Four); spread of hours pay under NYLL (Count Five); failure to provide meal periods under NYLL (Count Six); failure to keep records under NYLL (Count Seven); failure to provide wage notices under NYLL (Count Eight); failure to provide wage statements under NYLL (Count Nine); breach of implied contract (Count Ten); fraudulent filing of IRS returns pursuant to 26 U.S.C. § 7434 (Count Eleven); and violation of New York General Business Law § 349 (Count Twelve). *See* Compl. ¶¶ 88-148. Plaintiffs bring the FLSA claims as a collective action. *See* Compl. ¶ 78.

Plaintiffs filed their complaint on January 8, 2018. Dkt. No. 1. On May 30, 2018, Defendants filed their answer. Dkt. No. 27. On August 6, 2018, Plaintiffs filed a motion to conditionally certify this action and send notice to potential plaintiffs. Dkt. No. 33. Plaintiffs request that the Court conditionally certify a collective action comprised of "individuals who have worked for the Defendants as a non-managerial employee between January 10, 2015 and the date this Court decides this Motion." Dkt. No. 33 at 1. On August 27, 2018, Defendants filed an opposition to Plaintiffs' motion. Dkt. No. 36 ("Def. Br."). On September 10, 2018, Plaintiffs filed a reply memorandum of law in further support of their motion. Dkt. No. 38.

**II.   Legal Standard**

The FLSA authorizes workers to sue on behalf of both themselves and "other employees similarly situated." 29 U.S.C. § 216(b). District courts in FLSA actions have the discretion to

2

facilitate this collective mechanism by authorizing "'notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)); *see also id.* at 555 n.10 ("[W]hile courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' we refer to here is only the district court's exercise of the discretionary power . . . to facilitate the sending of notice to potential class members."). In determining whether to exercise this discretion, district courts in this Circuit use a two-step approach. *See Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 369–70 (S.D.N.Y. 2014). First, courts make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. Second, after additional plaintiffs have opted in (to the degree any do so), "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If they are not, then the action may be "de-certified." *Id.*

Plaintiffs' motion concerns the initial determination that the Court must make, at the first step, whether to send notice to potential opt-in plaintiffs. The Court may send such notice provided that the Plaintiffs provide some indication that they are indeed "similarly situated" to other employees in the putative collective. *See id.* Such a demonstration is not an onerous one: Plaintiffs need only make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)); *see also Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12-cv-5651 (AJN), 2013 WL 3466810, at *2

3

(S.D.N.Y. July 8, 2013) (observing that Plaintiffs must point to an "identifiable factual nexus which binds them and potential class members together as victims of a particular practice" (internal quotation marks omitted)). In making this modest factual showing, Plaintiffs may rely on "pleadings, affidavits, and declarations." *Juarez*, 29 F. Supp. 3d at 369. Though Plaintiffs may submit documentary evidence, courts often authorize notice based "solely on the personal observations of one plaintiff's affidavit." *Id.* (quoting *Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases)).

Though Plaintiffs' burden at the first step of the certification inquiry is low, it is not nonexistent: Plaintiffs cannot rely upon mere "unsupported assertions." *Myers*, 624 F.3d at 555. Nevertheless, in light of the preliminary nature of the Court's review at the first step, and as district courts in this Circuit have routinely observed, in determining the propriety of notice, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); *see also Myers*, 624 F.3d at 555 ("At the *second stage*, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are *in fact* 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not . . . ." (emphases added)); *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 321–22 (E.D.N.Y. 2016) ("[A]t the preliminary certification stage, the focus of the court's inquiry is not on the defendants' evidence, but on whether the plaintiff[s] have made their requisite showing." (internal quotation marks omitted)).

### III. Discussion

Having reviewed the filings under the relevant legal standard, the Court concludes that Plaintiffs' motion for collective certification is sufficiently supported by the allegations in their complaint, and the affidavits attached to their motion and reply memorandum, but only with respect to other delivery workers at Pomodoro.[1]

Plaintiffs have made a "modest factual showing" that they and prospective collective action members "were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 554-55. In their affidavits, Plaintiffs offer general proof that they, and other delivery workers, were subjected to Defendants' policy to wrongfully exempt them from the requirements of the FLSA. This includes that Plaintiffs were not paid the requisite minimum wage and overtime, and that it was Defendants' policy to engage in this practice. *See* Dkt. No. 38-1 (" Yin Affidavit") ¶¶ 9, 22; Dkt. No. 38-2 ("Zhu Affidavit") ¶¶ 11, 21. Plaintiffs were both paid in cash, and they were not required to punch in and punch out during the workday, as Defendants did not record their time worked. *See* Yin Affidavit ¶¶ 17-18; Zhu Affidavit ¶¶ 16-17; Compl. ¶¶ 3, 49-50. Additionally, other delivery workers for Defendants, Mr. Zhang and Mr. Tang, were not paid the requisite minimum wage and overtime requirements of the FLSA. *See* Yin Affidavit ¶¶ 23-34; Zhu Affidavit ¶¶ 22-35. Plaintiffs referenced the other delivery workers with specificity. *See* Yin Affidavit ¶¶ 23-34; Zhu Affidavit ¶¶ 22-35.

Defendants' primary argument against certifying Plaintiffs' motion is that Plaintiffs have only provided two affidavits in support of their motion, specifically from Plaintiffs, which they argue is insufficient. *See* Def. Br. at 5-7, 13. However, as discussed above, "courts in this

---

[1] The affidavits attached to Plaintiffs' opening motion were unsigned. Plaintiffs attached signed and notarized versions of the affidavits to their reply brief. Defendants are not prejudiced by the Court considering the affidavits attached to the reply brief, as they are substantively identical to the initial affidavits—which Defendants addressed in their opposition memorandum. *See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000); *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005).

circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases). Plaintiffs have provided more than that here, and have therefore met their burden at the first step. *See Garcia v. Spectrum of Creations Inc.,* 102 F. Supp. 3d 541, 549 (S.D.N.Y. 2015) (conditionally certifying a class where two plaintiffs attested to defendants' practices based on their personal observations and conversations with named individuals at a single location).

However, Plaintiffs' potential class must be narrower than all non-managerial employees, and can only be certified as to other delivery workers who were employed by Defendants. Plaintiffs only put forward factual information about themselves and other delivery workers in the complaint and in their affidavits. Although Plaintiffs attest that they spent some of their workday engaged in other non-managerial work at Pomodoro, *see* Yin Affidavit ¶ 8, Zhu Affidavit ¶ 10, Compl. ¶ 62, the Court has no information to conclude that other non-managerial workers, such as waiters and waitresses, were a part of the same "common policy or plan that violated the law." *Myers*, 624 F.3d at 554-55. Therefore, the collective certification can only be granted with respect to individuals who have worked for the Defendants as delivery workers.

Accordingly, Plaintiffs have carried their "low" burden to make a "modest factual showing" that they and other delivery workers at Pomodoro, "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 554-55.

## IV. Statute of Limitations and Equitable Tolling

The statute of limitations for a claim under the FLSA is two years, or three years if the violation was willful. 29 U.S.C. § 255(a). Plaintiffs argue that the three year statute of limitations should apply. *See* Dkt. No. 35 ("Pl. Br.") at 14-15. As the complaint contains

6

allegations of willful conduct by Defendants, see Compl. ¶¶ 91, 103, the Court finds it appropriate to apply the three-year statute of limitations under the FLSA at this stage of the proceedings. Relatedly, notice of the collective action would normally be provided to those employed within three years of the date of the notice. *See* 29 U.S.C. § 255(a). "However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013); *Santiago v. Tequila Gastropub LLC*, No. 6-cv-7499 (JMF), 2017 WL 1283890, at *2 (S.D.N.Y. Apr. 5, 2017). Accordingly, the Court will allow notice to be sent to those who worked as delivery workers for Defendants no more than three years prior to Plaintiffs' filing of the complaint.

Plaintiffs also request that the Court categorically equitably toll the statute of limitations on this suit until the expiration of the opt-in period. *See* Pl. Br. at 15. "[E]quitable tolling may be used to suspend the statute of limitations 'against a plaintiff who is unaware of his cause of action. . . .'" *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) (quoting *Cerbone v. Int'l Ladies' Garment Workers Union*, 768 F.2d 45, 48 (2d Cir. 1985)). "The relevant question when considering a request to toll is whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action, and despite all due diligence he [wa]s unable to obtain vital information bearing on the existence of his claim." *Lanzetta v. Florio's Enters., Inc.*, 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011) (Chin, J.) (internal citations and quotation marks omitted). "[T]he failure to provide an employee with the notice required by the FLSA may be a sufficient basis for tolling . . . if that failure contributed to the

employee's unawareness of his rights." *Id.* at 622-23 (internal quotation marks omitted). However, failure to disclose that an employee is entitled to certain pay is generally not sufficient, on its own, to justify equitable tolling. *Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012). A plaintiff must also demonstrate that the failure to provide him with such notice contributed to his unawareness of his rights. *Id.* at 446.

The Court concludes that at this early stage, the categorical request for equitable tolling of the statute of limitations is denied—without prejudice to an application from any opt-in plaintiff based on an individualized showing that tolling is warranted. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (holding that, where "equitable tolling may extend the statute of limitations for certain prospective plaintiffs . . . it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date"); *Santiago v. Tequila Gastropub LLC*, No. 6-cv-7499 (JMF), 2017 WL 1283890, at *2 (S.D.N.Y. Apr. 5, 2017); *Gomez v. Terri Vegetarian LLC*, No. 17-cv-213 (JMF), 2017 WL 2628880, at *2 (S.D.N.Y. June 16, 2017).

V.    **The Proposed Notice**

In its opposition to conditional certification, Defendants raise several objections to the notice proposed by Plaintiff. *See* Def. Br. at 13-14. Accordingly, the parties are ordered to attempt to resolve these disputes related to the text of the proposed notice. The parties shall meet and confer, and within two weeks of the date of this Order, submit a new proposed notice. If, after meeting and conferring, the parties should fail to reach agreement as to one or more issues, the parties are ordered to submit a letter to the Court of no more than eight pages. The letter should (1) represent that the parties have met and conferred, (2) identify the precise issue(s) on

which disagreement remains, and (3) set forth each side's respective position on those issues. The parties should cite case law from courts in this Circuit that supports their arguments. After resolving any contested issues, the Court will ask the parties to resubmit a joint proposed notice that reflects such resolution.

**VI.    Conclusion**

For the foregoing reasons, the Court grants Plaintiff's motion for conditional certification, but only as to other delivery workers employed by Defendants. The Court will allow notice to be sent to those who worked as delivery workers for Defendants no more than three years prior to Plaintiffs' filing of the complaint. The categorical request for equitable tolling of the statute of limitations is denied—without prejudice to an application from any opt-in plaintiff based on an individualized showing that tolling is warranted. The parties are ordered to meet and confer regarding the proposed notice, as further set forth in this Order. This resolves Docket Number 33. Per Docket Number 43, within one week of this Order, the parties shall file a status update with the Court regarding their request for referral to a magistrate judge or the mediation program regarding settlement. *See* Dkt. No. 43.

SO ORDERED.

Dated: March ⎯⎯, 2019
New York, New York

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
ALISON J. NATHAN
United States District Judge